# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mark Pritchard,                                Civ. No. 19-1242 (WMW/BRT)

          Petitioner,

v.                                             **REPORT AND
RECOMMENDATION**

Warden R. Marques,

          Respondent.

Mark Pritchard, Reg. No. 15367026, FCI Sandstone, PO Box 1000 Sandstone, MN 55072, *pro se* Petitioner.

Ana H. Voss, Esq., Ann M. Bildtsen, Esq., and Chad A. Blumenfield, Esq., Assistant United States Attorneys, counsel for Respondents.

BECKY R. THORSON, United States Magistrate Judge.

## BACKGROUND

This matter comes before the Court on Petitioner Mark Pritchard's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. No. 1, Pet.; *see also* Doc. No. 2, Mem. of Law in Supp. of Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Mem.").)

Pritchard is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. (*See* Doc. No. 8, Decl. of Kara Anderl ¶ 3, Ex. A.) He was convicted of Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). (*Id.*) On June 9,

2008, he was sentenced to a 188-month term of imprisonment, followed by a 6-year term of supervision. (*Id.*)

The Petition asserts that Pritchard merits an earlier release date because of certain statutory amendments within the First Step Act of 2018 ("FSA") – specifically, amendments to 18 U.S.C. § 3624(b)(1). (*See* Pet. 8–9; Mem. 7–14); *see also* FSA § 102(b)(1)(A), § 3624(b)(1), Pub. L. No. 115–391, 132 Stat. 5194, 5210. The FSA was approved on December 21, 2018, but its relevant portion was to go into effect "beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act." FSA § 102(b)(2), 132 Stat. at 5213. This "risk and needs assessment system" is codified into law at 18 U.S.C. §§ 3631–35, and § 3632(a) set the Attorney General's deadline for developing the system as "[n]ot later than 210 days after the enactment of this subchapter." As the relevant subchapter was enacted on December 21, 2018, the resulting deadline—and the date on which the new version of § 3624(b)(1) goes into effect—was July 19, 2019.

On July 19, 2019, the Court issued an Order (Doc. No. 6) directing Respondent to (1) update the Court concerning Pritchard's anticipated release date in light of the FSA amendments; (2) provide an explanation of how that calculation was made; and (3) indicate whether or not this release date remained unchanged from the date on which Pritchard filed his petition for a writ of habeas corpus. On July 26, 2019, Respondent informed the Court that the Bureau of Prisons ("BOP") updated Pritchard's sentence computation under § 3624(b)(1), as amended by the FSA, on July 3, 2019. (Doc. No. 7,

Resp. 4; Doc. No. 8, Decl. of Kara Anderl ¶ 5.) Pritchard's current sentence computation indicates that he will earn 846 days of good-credit time ("GCT"), resulting in a new projected release date of February 3, 2020, via a § 3621(e) release.[1] (Resp. 4; Decl. of Kara Anderl Ex. A.) Respondent observes that because "Pritchard has received the relief requested in the petition," the Court no longer enjoys subject-matter jurisdiction over the Petition. (Resp. 4–7.) Consequently, Respondent urges the Court to conclude that the Petition ought to be dismissed as moot. (*Id.*)

## ANALYSIS

This Court now lacks subject-matter jurisdiction over Pritchard's habeas petition. Article III of the U.S. Constitution "limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (quotation omitted). If, during the course of litigation, "the issues presented in a case lose their life because of the passage of time or a change in circumstances and a federal court can no longer grant effective relief, the case is considered moot," and must be dismissed. *Id.* at 723–24 (quotation and ellipsis omitted); *see also In re Grand Jury Subpoenas Duces Tecum*, 78 F.3d 1307, 1310 (8th Cir. 1996) ("[F]ederal courts have no authority to render decisions upon moot questions . . . . [I]f during the pendency of [a case], an event occurs which destroys the court's ability to render the prevailing party any

---

[1]    This represents an increase in Pritchard's projected GCT, and an earlier projected release date. At the time Pritchard filed the Petition, his sentence computation indicated he was projected to earn 737 days of GCT and had a projected release date of May 23, 2020, via an early release under 18 U.S.C. § 3621(e) for successful completion of the Residential Drug Abuse Program. (Resp. 4; Decl. of Kara Anderl ¶ 4, Ex. B.)

effectual relief whatever, the [case] must be dismissed as moot.") (quotation and citation omitted).

Here, Pritchard's Petition requested that the Court order the BOP to recalculate his GCT credits to take account of the FSA's amendment of § 3624(b)(1). The BOP has now done so. (*See* Anderl Decl. ¶ 5, Ex. A.) Thus, this case has become moot because the Court can no longer grant effective relief, Pritchard having already received the relief he sought in the Petition. *See Ali*, 419 F.2d at 724.

### RECOMMENDATION

Based on the above, and on all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.      Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED AS MOOT**;

2.      This action be **DISMISSED WITHOUT PREJUDICE**; and

3.      Judgment be entered accordingly.

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

Dated: August 19, 2019                         *s/ Becky R. Thorson*
                                                            BECKY R. THORSON
                                                            United States Magistrate Judge